UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID B. JONES, 00-B-0716,

                Plaintiff,

v.

COMMISSIONER GLENN GOORD,
OFFICER E. RACZKOWSK, and
SUPERINTENDENT, FIVE POINTS
CORRECTIONAL FACILITY,

                Defendants.

**REPORT AND RECOMMENDATION**

05-CV-0182A(M)

---

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) (Dkt. #54). Before me is defendant E. Raczkowski's[1] motion for summary judgment seeking to dismiss the complaint in its entirety (Dkt. #49).[2] For the following reasons, I recommend that defendant Raczkowski's motion be GRANTED.

**BACKGROUND**

Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against defendants, employees of the New York State Department of Correctional Services ("DOCS").[3]

---

[1] Defendant Raczkowski appears to have been incorrectly named in the Complaint as "Raczkowsk".

[2] Defendant Goord was previously dismissed from the case (Dkt. ##33, 36).

[3] This matter was originally commenced in the Northern District of New York (03-CV-1323), and later transferred to the Western District.

At all relevant times plaintiff was an inmate at the Five Points Correctional Facility ("Five Points").

Plaintiff's complaint asserts two causes of action. The First Cause of Action alleges that defendant Raczkowski, a corrections officer, assaulted him on May 13, 2001 (Dkt. #1). The Second Cause of Action alleges that the Superintendent of Five Points and non-party Dana G. Aidala, the Deputy Superintendent of Security, failed to take action in response to his letters advising them that he "was being harass[ed] by correctional officers, within Five Points Facility and . . . . ask[ing] for 'P.C.' solitary confinement for [he] will not be hurt because [of] complaining against C.O. Raczkowsk" (Dkt. #1).

## DISCUSSION AND ANALYSIS

### A.  Summary Judgment Standard

The standard to be applied on a motion for summary judgment in this Circuit is well settled. "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party." Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003) (internal quotation marks omitted).

Defendant Raczkowski has submitted a statement of undisputed material facts in accordance with Rule 56.1(a) of the Local Rules of Civil Procedure (Dkt. #51). Because plaintiff failed to submit a separate statement of the disputed material facts as required by Local Rule 56.1(b), plaintiff has failed to controvert defendant's statement of undisputed material facts. Consequently, the facts contained in defendant's Rule 56.1 Statement are "deemed to be admitted" for purposes of ruling on defendant's motion for summary judgment. See Fleming v. Deaconess Hosp., No. 02-CV-934, 2006 WL 2792293, *1 n. 1 (W.D.N.Y. September 27, 2006) (Curtin, J.).

## B.   Plaintiff's First Cause of Action

### 1.   Exhaustion of Administrative Remedies

Defendant Raczkowski argues that plaintiff's first cause of action should be dismissed due to plaintiff's failure to exhaust his administrative remedies (Dkt. #50, Point II). DOCS has implemented a three-tier internal grievance procedure: "The first is the filing of a complaint with the facility's Inmate Grievance Review Committee. The second is an appeal to the facility superintendent. The final level is an appeal to the DOCS Central Office Review Committee in Albany. . . . A prisoner has not exhausted his administrative remedies until he goes through all three levels of the grievance procedure." Doe v. Goord, 04 Civ. 0570, 2004 WL 2829876, *8-9 (S.D.N.Y. Dec. 10, 2004).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Where an inmate fails to exhaust his or her administrative remedies in accordance with prescribed prison procedures, the following three-part inquiry is appropriate: "[T]he court must [1] ask whether administrative remedies were in fact available to the prisoner. [2] The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. [3] If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." Hemphill v. New York, 380 F. 3d 680, 686 (2d Cir. 2004) (internal citations and quotation marks omitted); see also Brownell v. Krom, 446 F. 3d 305, 311 (2d Cir. 2006).[4]

---

[4] Following the Second Circuit's decision in Hemphill, supra, the Supreme Court held that a prisoner must "properly" exhaust administrative remedies before suing in federal court. See Woodford v. Ngo, __U.S.__, 126 S. Ct. 2378, 2382 (2006). However, "[i]t is unclear whether Woodford has overruled the Second Circuit's exceptions to the exhaustion requirement." Newman v. Duncan, No. 04 CV 395, 2007 WL 2847304, *2 n. 4 (N.D.N.Y. September 26, 2007) (citations omitted).

Defendant Raczkowski has alleged plaintiff's failure to exhaust administrative remedies as an affirmative defense (Dkt. #18, Fourteenth Affirmative Defense). In support of his motion to dismiss, defendant Raczkowski notes that in his Complaint, plaintiff checked the box for "No" in response to the question of whether he filed a grievance and/or appeal (Dkt. #1, p. 5). While plaintiff's Complaint does include a copy of an Inmate Grievance Complaint dated May 18, 2001, alleging that plaintiff has "been harassed and assaulted by C.O. E. Raczkowski on 5.13.01 . . . ." (Dkt. #1, attached documentation), it is unclear whether this Grievance was actually filed, as it does not contain a Grievance number and there is no response to the Grievance. In any event, there is no evidence that plaintiff appealed to the facility superintendent or to the DOCS Central Office Review Committee. Since plaintiff does not allege that he exhausted his administrative remedies, nor has he demonstrated special circumstances excusing his failure to do so, I recommend that his First Cause of Action be dismissed.

### 2.  The Merits of Plaintiff's First Cause of Action

The result would be no different even if I were to consider plaintiff's claim on its merits. Plaintiff's Eighth Amendment excessive force claim against defendant Raczkowski contains both a subjective and an objective requirement. See Griffin v. Crippen, 193 F. 3d 89, 91 (2d Cir. 1999). To meet the subjective requirement, the inmate must show that the prison officials involved "had a wanton state of mind when they were engaging in the alleged misconduct". Davidson v. Flynn, 32 F. 3d 27, 30 (2d Cir. 1994) (internal quotation marks omitted). "[T]he 'wantonness' inquiry turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Blyden v. Mancusi, 186 F. 3d 252, 262 (2d Cir. 1999) (internal quotation marks omitted). "Thus, the key

inquiry . . . is whether the alleged conduct involved unnecessary and wanton infliction of pain." Sims v. Artuz, 230 F. 3d 14, 21 (2d Cir. 2000) (internal quotation marks omitted).

To meet the objective requirement, "the alleged violation must be 'sufficiently serious' by objective standards." Griffin, supra, 193 F. 3d at 91. "The objective component is context specific, turning upon contemporary standards of decency." Id. (internal quotations marks omitted). However, "the Eighth Amendment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Green v. Morse, No. 00-CV-6533, 2005 WL 1490301, *2 (W.D.N.Y. June 23, 2005) (Siragusa, J.) (internal quotation marks omitted). Although "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights", Griffin, supra, 193 F. 3d at 91, "[t]he malicious use of force to cause harm constitutes an Eighth Amendment violation per se whether or not significant injury is evident." Id. "Thus, even if the harm inflicted is not significant, if plaintiff can show malicious intent then the objective prong will be almost always be satisfied." Green, supra, 2005 WL 1490301, at *3.

According to defendant Raczkowski, plaintiff had lied about his work schedule (Dkt. #53, ¶4). When defendant Raczkowski attempted to counsel him about lying, plaintiff allegedly argued with him and "made an aggressive move with his left hand toward [his] face, which [he] blocked with [his] right hand. After [defendant Raczkowski] blocked plaintiff's hand with [his], [plaintiff's] own hand was thrown back into his face". Id. In support of his version of events, defendant Raczkowski has submitted a videotape of the incident (Dkt. #53, Ex. A).

Although he concedes that the videotape does not demonstrate whether plaintiff's own hand struck him in the face (Dkt. #50, p. 4), it clearly shows that the altercation was minor.

At most, plaintiff was struck by an open-handed slap, which, regardless of defendant Raczkowski's motivation, is considered a *de minimis* use of force, especially in light of the physical examination report from Virginia Schaff, R.N. conducted following the incident, which found "no apparent injury . . . [,]swelling, . . . redness, . . . excessive tearing, [or] scratches to [plaintiff's] (L) eye" (Dkt. #53, Ex. B). "[I]t is . . . clear under the law of this Circuit that an open-handed slap-the most severe contact alleged by plaintiff-is not sufficiently repugnant to the conscience of mankind to give rise to an Eighth Amendment claim." Santiago v. C.O. Campisi Shield No. 4592, 91 F. Supp. 2d 665, 674 (S.D.N.Y. 2000) (internal quotation marks omitted); Sprau v. Coughlin, 997 F. Supp. 390, 394 (W.D.N.Y. 1998) (Larimer, J.) (finding that the amount of force used was *de minimis* where a lone officer "grabbed [plaintiff] behind the neck and hit him several times across the neck and face and in the eye" and a subsequent medical report noted only a "a small bump under plaintiff's eye").

As plaintiff has submitted no evidence to counter defendant Raczkowski's version of events, or the videotape or medical evidence upon which he relies, summary judgment is appropriate. See Gashi v. County of Westchester, No. 02 CV 6934, 2007 WL 749684, *7 (S.D.N.Y. March 12, 2007) (granting summary judgment dismissing plaintiff's excessive force claim where "[t]he videotape of plaintiff being subdued and then escorted to his cell does not reveal the use of any unnecessary or malicious force").[5]

---

[5] Based on these findings, I find no reason to address defendant Raczkowski's qualified immunity arguments (Dkt. #50, Point III).

### C. Plaintiff's Second Cause of Action

Plaintiff's second cause of action is asserted only against defendant Superintendent of Five Points. Defendant Raczkowski moves to dismiss this cause of action with prejudice because this individual has not been identified by plaintiff or served (Dkt. #50, p. 1). While I agree that this claim should be dismissed pursuant to Rule 4(m) because more than 120 days have elapsed since the filing of the Complaint, I recommend that it be dismissed without prejudice. See Gonzalez-Cifuentes v. Torres, 04-CV-1470, 2007 WL 499620, *7 (N.D.N.Y. February 13, 2007) (where defendant sued the "Deputy Superintendent of Security" and this individual was neither served with process nor further identified, the Court dismissed the claim without prejudice pursuant to Rule 4(m)).

### CONCLUSION

For these reasons, I recommend that defendant Raczkowski's motion be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge

in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:      January 23, 2008

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge